**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

------------------------------------------------------------------

JUAN FRANCISCO ZELAYA PONCE,          :
137 Warner Avenue                     :
Hempstead, NY 11550; AND              :
                                      :
JUAN CARLOS CASTILLO                  :
35 Ralph Street                       :          Civil Action No.: _____
Providence, RI 02909                  :
                                      :          **JURY TRIAL DEMANDED**
*individually and on behalf of all others*   :
*similarly situated,*                 :
                                      :
                                      :
                          Plaintiffs, :
                                      :
             v.                       :
                                      :
PHILLY TILE, INC.                     :
1747 North Marshall Street, Unit 1    :
Philadelphia, PA 19122; AND           :
                                      :
KYLE PERLMAN                          :
1747 North Marshall Street, Unit 1    :
Philadelphia, PA 19122                :
                                      :
                          Defendants. :

------------------------------------------------------------------

## COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiffs Juan Francisco Zelaya Ponce ("Plaintiff Zelaya Ponce") and Juan Carlos

Castillo ("Plaintiff Castillo") (collectively, "Plaintiffs"), hereby bring this action against

Defendant Philly Tile, Inc. ("Philly Tile") and Defendant Kyle Perlman ("Perlman")

(collectively, "Defendants"), and allege, upon personal belief as to their own acts, and upon

information and belief as to the acts of others, as follows:

## NATURE OF THE ACTION

1.      Plaintiffs bring this complaint contending that Defendants unlawfully failed to pay Plaintiffs and other similarly-situated Laborers ("Class Plaintiffs") overtime compensation pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.100, *et seq*.

2.      Plaintiffs were employees of Defendants employed in the position of Laborer. Plaintiffs and Class Plaintiffs regularly worked more than forty (40) hours per week, but were not properly compensated for their work in that Plaintiffs and Class Plaintiffs were not paid an overtime premium at 1.5 times their regular rate of pay for each hour worked in excess of forty (40) hours in a workweek.  In this regard, Plaintiffs contends that Defendants unlawfully misclassified them and Class Plaintiffs as independent contractors under the FLSA and PMWA, and failed to accurately track and pay them for all hours worked.  Accordingly, Plaintiffs contend that they and Class Plaintiffs are/were owed unpaid wages and overtime compensation which were denied them as a result of Defendants' unlawful pay practices.

3.      Plaintiffs bring this action as a representative action under the FLSA and PMWA for monetary damages and penalties, to seek redress for Defendants' willful, unlawful, and improper conduct.

4.      Plaintiffs also bring individual claims against Defendants under the Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 P.S. § 260.1, *et seq.*, and for breach of contract, contending that Defendants unlawfully withheld and/or simply refused to pay them for their final week of work.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides, in relevant part, that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction."  See 29 U.S.C. § 216(b).

6.      This Court also has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

7.      This Court has supplemental jurisdiction over Plaintiffs' state law claims because those claims arise out of the same nucleus of operative fact as Plaintiffs' FLSA claims.

8.      Personal jurisdiction over Defendants exists in the Commonwealth of Pennsylvania as Defendants maintain an office location within the Commonwealth of Pennsylvania in Philadelphia, Pennsylvania, and conduct business therein.

9.      The venue in this district is proper is pursuant to 28 U.S.C. § 1391(b), as the Defendants reside in this judicial district, doing business therein, and a substantial part of the unlawful practices about which Plaintiffs are complaining were committed in the Commonwealth of Pennsylvania and in this judicial district.

## PARTIES

10.      Plaintiff Juan Zelaya Ponce currently resides at 137 Warner Avenue, Hempstead, NY 11550.

11.      Plaintiff Juan Castillo currently resides at 35 Ralph Street, Providence, RI 02909.

12.      Upon information and belief, Defendants Philly Tile, Inc., is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with a corporate address and principal place of business at 1747 North Marshall Street, Unit 1, Philadelphia, PA 19122.  Upon information and belief, Defendant Philly Tile previously operated under the name

KL Building Solutions, Inc., officially changing its name to Philly Tile, Inc. in or around June 2019.

13.     Upon information and belief, Defendant Kyle Perlman is a citizen of the United States and Pennsylvania, where he maintains a residence at 1747 North Marshall Street, Unit 1, Philadelphia, PA 19122.  Upon information and belief, Mr. Perlman is the founder, principal, and president of Philly Tile, Inc.

14.     Upon information and belief, Defendant Perlman maintains, and/or at all times relevant to the allegations contained herein, maintained operational control over Philly Tile, Inc., exercising control, both directly and indirectly, over the terms and conditions of employment, work schedules, payroll, and compliance with federal and state wage and hour laws, of the employees of Defendants Philly Tile, Inc., including, but not limited to, Plaintiffs and putative Class Plaintiffs.

15.     Defendants are "employers" and covered by the FLSA.

16.     Upon information and belief, Defendant Perlman was an "employer" of Plaintiffs and putative Class Plaintiffs for purposes of the FLSA and PMWA because he had operational control over significant aspects of Defendant Philly Tile, Inc.'s day-to-day functions, such as workplace conditions, personnel status changes, and compensation, during the time period giving rise to this action, was ultimately responsible for ensuring Defendant Philly Tile, Inc.'s compliance with the FLSA and PMWA, and was directly involved with the decision-making process with respect to Plaintiffs' hiring, management, and compensation.

17.     Upon information and belief, Defendants are covered employers under the FLSA in that, during the course of Plaintiffs' employment, they had an annual dollar volume of sale or business done of at least $500,000.00, and had multiple employees (including, but not limited to

4

Plaintiffs and Class Plaintiffs) who handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce.

18.    Plaintiffs and, upon information and belief, Class Plaintiffs was/were employees who were engaged in commerce and employed by Defendants during all times relevant hereto and, as such, were employees entitled to the FLSA's protections.  See 29 U.S.C. § 203(e).

19.    At all times relevant hereto, Defendants acted or failed to act through their agents, servants, and/or employees thereto existing, each of whom acted at all times relevant hereto in the course and scope of their employment with and for Defendants.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

20.    Paragraphs 1 through 19 are hereby incorporated by reference as though the same were fully set forth at length herein.

21.    This action is brought as a collective action to recover unpaid compensation and overtime compensation, liquidated damages, unlawfully withheld wages, statutory penalties, and damages owed to Plaintiffs and all similarly situated current and former employees of Defendants.

22.    Pursuant to 29 U.S.C. § 216(b) of the FLSA, Plaintiffs bring this action individually and on behalf of all other similarly situated persons presently or formerly employed by Defendants in the position of Laborer, or in positions with substantially similar job duties, who worked for Defendants at any point in the past three (3) years who were paid on a day rate and denied overtime compensation at their regular rate of pay for all hours worked over forty (40) in a workweek ('Class Plaintiffs").  Plaintiffs contend that they and Class Plaintiffs were denied overtime compensation due to Defendants' policy and practice of misclassifying their Laborers as independent contractors under the FLSA.

23.    Plaintiffs estimate that there are in excess of ten (10) to fifteen (15) other similarly situated Laborers who either are working or worked for Defendants in the Commonwealth of Pennsylvania and were unlawfully denied overtime compensation at 1.5 times their "regular rate" of pay for hours worked in excess of forty (40) in a workweek as a result of the unlawful practices described above.  The precise number of employees can easily be ascertained by Defendants.  These employees can be identified and located using Defendants' payroll and/or personnel records.  Class Plaintiffs may be informed of the pendency of this Collective Action by direct mail, electronic mail, and/or publication.

24.    Pursuant to 29 U.S.C. § 216(b), this action is properly maintained as a collective action because the Class Plaintiffs are similarly-situated.  Plaintiffs and Class Plaintiffs were similarly denied overtime compensation at their regular rate of pay as a result of Defendants' misclassification of them as independent contractors and/payment on a day rate basis, had the same or similar job classifications and job duties, and were subject to the same uniform polices, business practices, payroll practices, and operating procedures. Further, Defendants' willful policies and practices, which are discussed more fully in this Collective and Class Action Complaint, whereby Defendants have failed to pay Class Plaintiffs an overtime premium based on 1.5 times their "regular rate" for all hours worked over forty (40) in a workweek, have impacted Class Plaintiffs in the same fashion.

25.    Plaintiffs will request the Court to authorize notice to all current and former similarly-situated employees employed by Defendants, informing them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid compensation, overtime compensation, and liquidated damages under the FLSA.

## CLASS ACTION ALLEGATIONS

26.     Paragraphs 1 through 25 are hereby incorporated by reference as though the same were fully set forth at length herein.

27.     Plaintiffs bring this action individually, and on behalf of the following statewide class of similarly situated individuals, pursuant to Rule 23 of the Federal Rules of Civil Procedure:

> All persons presently or formerly employed by Defendants at any point during the past three (3) years in the position of Laborer who were paid on a day rate basis and denied overtime compensation for work performed in excess of forty (40) hours in a workweek.

28.     The members of the class are so numerous that joinder of all members is impractical.  Class members may be informed of the pendency of this Class Action by direct mail.

29.     Pursuant to Federal Rule of Civil Procedure 23(a)(2), there are questions of law and fact common to the Class, including, but not limited to:

A.     Whether Plaintiffs and the Class are entitled to overtime compensation for services rendered in excess of forty (40) hours per week under the PMWA;

B.     Whether Defendants improperly classified Plaintiffs and the Class as independent contractors rather than employees under the PMWA;

C.     Whether Defendants failed to accurately track and maintain all of the hours worked by Plaintiffs and the Class;

D.     Whether Plaintiffs and the Class worked in excess of forty (40) hours per week; and

E.     Whether Plaintiffs and the Class have suffered and are entitled to damages, and if so, in what amount.

30.     Plaintiffs' claims are typical of the claims of the Class Plaintiffs.  Plaintiffs were employees of Defendants employed in the position of Laborer who have suffered similar injuries as those suffered by the Class members as a result of Defendants' failure to pay wages and overtime compensation.  Defendants' conduct of violating the PMWA has affected Plaintiffs and the Class in the exact same way.

31.     Plaintiffs will fairly and adequately represent and protect the interests of the Class.  Plaintiffs are similarly situated to the Class and have no conflict with the Class members.

32.     Plaintiffs is committed to pursuing this action and has retained competent counsel experienced in class action litigation.

33.     Pursuant to Rules 23(b)(1), (b)(2), and/or (b)(3) of the Federal Rules of Civil Procedure, this action is properly maintained as a class action because:

A.     The prosecution of separate actions by or against individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Class that would establish incompatible standards of conduct for Defendant;

B.     Defendant, by failing to pay overtime compensation in violation of the PMWA, have acted or refused to act on grounds generally applicable to the Class, thereby making equitable relief appropriate with respect to the Class as a whole; and

C.     The common questions of law and fact set forth above applicable to the Class predominate over any question affecting only individual members and a class action is superior to other available methods for the fair and efficient adjudication of this case, especially with respect to considerations of consistency, economy, efficiency, fairness and equity, as compared to other available methods for the fair and efficient adjudication of the controversy.

34.     A class action is also superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impractical.  Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense if these claims were brought individually.  Additionally, as the damages suffered by each Class member may be relatively small, the expenses and burden of individual litigation would make it difficult for the Class members to bring individual claims. The presentation of separate actions by individual Class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendants, and/or substantially impair or impede the ability of each member of the Class to protect his or her interests.

### FACTS RELATED TO PLAINTIFFS' INDIVIDUAL AND COLLECTIVE/CLASS CLAIMS FOR UNPAID OVERTIME COMPENSATION

35.     Paragraphs 1 through 34 are hereby incorporated by reference as though the same were fully set forth at length herein.

36.     Plaintiff Zelaya Ponce first began his employment with Defendants on or about April 6, 2019, when he was hired as a Laborer.

37.     Plaintiff Castillo first began his employment with Defendants on or around September 27, 2019, when he was hired as a Laborer.

38.     Plaintiffs continued working for Defendants as Laborers until their separation from employment in or around January 2020.

39.     Upon information and belief, Defendants employs or has employed in excess of ten (10) to fifteen (15) Laborers during the past three (3) years.

40.     In their capacity as Laborers, Plaintiffs' primary job duties involved the performance of manual labor at construction sites for Defendants' clients within the tile and construction industries.

41.     Plaintiffs and, upon information and belief, Class Plaintiffs were paid a day rate for compensable work performed.

42.     By way of example, Plaintiffs and, upon information and belief, Class Plaintiffs were paid at the rate of $250.00 per working day, on the understanding that the $250.00 was intended to cover work performed on two (2) bathrooms.

43.     Plaintiffs and, upon information and belief, Class Plaintiffs were paid at the rate of $350.00 per working day, on the understanding that the $350.00 was intended to cover work performed on three (3) bathrooms.

44.     Plaintiffs and, upon information and belief, Class Plaintiffs worked approximately five (5) to six (6) days per workweek.

45.     Plaintiffs and, upon information and belief, Class Plaintiffs worked between approximately eight (8) hours and thirty (30) minutes to fourteen (14) hours per workday.

46.     Plaintiffs and, upon information and belief, Class Plaintiffs routinely started their workday at or around 7:00 AM.

47.     Plaintiffs and, upon information and belief, Class Plaintiffs ended their workday between approximately 3:30 PM to 5:00 PM, although they sometimes were required to continue working until 10:00 PM.

48.     Additionally, Plaintiffs and, upon information and belief, Class Plaintiffs occasionally worked approximately twelve (12) to fourteen (14) hours per workday.

49. Despite the fact that Plaintiffs and, upon information and belief, Class Plaintiffs typically worked significantly in excess of forty (40) hours per week, they did not receive any overtime compensation for overtime hours worked.

50. Plaintiffs and Class Plaintiffs were classified as independent contractors by Defendant and/or were paid via cash or personal check without withholdings, are/were paid on a day rate basis, and are/were not considered eligible by Defendants to receive overtime compensation for hours worked over forty (40) in a workweek.

51. Plaintiffs and Class Plaintiffs were misclassified by Defendants as independent contractors and were, in actuality, non-exempt employees of Defendants within the meaning of the FLSA and PMWA.

52. Defendants maintains/maintained significant control over the manner by which Plaintiffs and Class Plaintiffs performed/perform their duties as Laborers.

53. In this regard, Plaintiffs and, upon information and belief, Class Plaintiffs were/are directed in their work activities by Defendants' management, who instruct them regarding the manner in which they are to perform construction-related tasks.

54. Moreover, Defendants' Laborers were/are required to attend meetings at Defendants' jobsites, during which they received/receive direction, supervision, and feedback from Defendants' management.

55. In addition, Plaintiffs and, upon information and belief, Class Plaintiffs are/were assigned a work schedule by Defendant, who instructed Plaintiffs and Class Plaintiffs when to arrive at their jobsites and controlled when they could leave for the day.

56.    Upon information and belief, Plaintiffs and Class Plaintiffs are/were required to perform their work in accordance with certain specific guidelines and protocols provided by Defendants.

57.    Plaintiffs and, upon information and belief, Class Plaintiffs, were not permitted to outsource their work or employ helpers.

58.    Upon information and belief, despite classifying Plaintiffs and Class Plaintiffs as "independent contractors," Defendants actively discourage their Laborers from working for any competitors.

59.    Moreover, upon information and belief, Defendants employed other Laborers as W-2 employees, despite the fact they performed effectively the same job responsibilities and were subject to the same level of control as Plaintiffs and other individuals who had been misclassified as independent contractors.

60.    The construction services performed by Plaintiffs and Class Plaintiffs were and are an integral part of Defendants' commercial and residential tile installation and repair business.

61.    As evidenced by, among other things, Plaintiff Zelaya Ponce's nine (9) month tenure of employment with Defendant, Defendants' Laborers generally do not work for Defendants for only one project, but rather for an open-ended and long-term period of time.

62.    During a typical average workweek, Plaintiffs generally worked approximately sixty (60) hours.

63.    For example, during the workweek of June 10, 2019 to June 14, 2019, Plaintiff Zelaya Ponce worked approximately seventy (70) hours, generally beginning work at 7:00 AM and continuing to work until between 5:00 pm around 10:00 PM, Monday through Friday.

64.     Despite thus working approximately thirty (30) hours of overtime during the aforementioned workweek, Plaintiff Zelaya Ponce received no overtime compensation.  Instead, Plaintiff received only his day rate for each day worked.

65.     During the workweek of June 10, 2019 to June 14, 2019, Plaintiff Castillo worked approximately seventy (70) hours, generally beginning work at 7:00 AM and continuing to work until around 10:00 PM, Monday through Friday.

66.     Despite thus working approximately thirty (30) hours of overtime during the aforementioned workweek, Plaintiff Castillo received no overtime compensation.  Instead, Plaintiff received only his day rate for each day worked.

67.     Upon information and belief, Class Plaintiffs generally also worked significantly in excess of forty (40) hours per week, but did not receive overtime compensation as a result of Defendants' misclassification of them as independent contractors.

68.     Plaintiffs and Class Plaintiffs are/were paid on a day rate basis, and, as such, do not qualify for the exemptions for executive, administrative, or professional employees under the FLSA/PMWA.

69.     Plaintiffs and Class Plaintiffs do not have the authority to hire, fire, or discipline other employees of Defendants, nor do they make recommendations with respect to employee status changes to which Defendants give substantial weight.

70.     Accordingly, Plaintiffs and Class Plaintiffs do not qualify for the exemption for executive employees under the FLSA/PMWA.

71.     Plaintiffs and Class Plaintiffs do not perform non-manual office work directly related to Defendants' management or general business operations, nor do they exercise discretion or independent judgment regarding matters of significance to Defendants.

72.     Accordingly, Plaintiffs and Class Plaintiffs are/were not exempt from overtime compensation pursuant to the exemption for administrative employees under the FLSA/PMWA.

73.     Plaintiffs' and Class Plaintiffs' primary duty does not include the performance of work predominately intellectual in nature requiring advanced knowledge in a field of science or learning acquired through a prolonged course of intellectual instruction.  In this regard, Plaintiffs' and Class Plaintiffs' job duties do not require the consistent exercise of discretion and judgment, as distinguished from the performance of routine mental, manual, and mechanical work.  Rather, Plaintiffs and Class Plaintiffs were required to perform their job responsibilities in accordance with specific guidelines, protocols, and/or procedures provided by Defendants.

74.     Accordingly, Plaintiffs and Class Plaintiffs are/were not exempt from overtime compensation pursuant to the exemption for learned professionals under the FLSA/PMWA.

75.     Finally, there are/were no other exemptions under the FLSA and/or PMWA which could arguably be applicable to Plaintiffs and Class Plaintiffs.

76.     Plaintiffs and Class Plaintiffs are/were, within the meaning of the FLSA and PMWA, non-exempt employees of Defendants and therefore entitled to overtime compensation for all hours they worked over forty (40) in a workweek.

77.     As a result of Defendants' aforesaid illegal actions, Plaintiffs and Class Plaintiffs have suffered damages.

**FACTS RELATED TO PLAINTIFFS'**
**INDIVIDUAL CLAIMS FOR UNPAID WAGES UNDER THE WPCL**
**AND FOR BREACH OF CONTRACT**

78.     Paragraphs 1 through 77 are hereby incorporated by reference as though the same were fully set forth at length herein.

79.    As indicated above, Plaintiffs entered into an agreement with Defendants to be paid $250 or $350 per working day, depending on the number of bathrooms assigned to them.

80.    Plaintiffs worked a full workweek the week of January 20, 2020.

81.    After performing said work, Plaintiffs were instructed to "go home" and told they would be called back to work in a few days.

82.    However, Defendants failed to contact Plaintiffs to have them return to work.

83.    When Plaintiffs contacted Defendants to inquire about their final paychecks (which amounted to approximately $2,000 each), their manager, Defendant Kyle Perlman, denied their request for payment and became verbally abusive.

84.    In this regard, Defendants did not deny that Plaintiffs were owed wages, but simply refused to pay them.

85.    As a result, Defendants have willfully refused to pay Plaintiffs wages that are due and owing in violation of the WPCL.

86.    Defendants have breached their contractual obligations to Plaintiffs by failing to pay them wages and/or compensate them for the services they performed during their final week of employment.

87.    Defendants appreciated and unjustly retained the benefit of the services provided by Plaintiffs, for which Plaintiffs reasonably expected to receive compensation, resulting in harm to Plaintiffs.

88.    As a result of the above, Plaintiffs have suffered damages.

**COUNT I**
**FAIR LABOR STANDARDS ACT**
**29 U.S.C. § 201, *et seq.***
**FAILURE TO PAY OVERTIME COMPENSATION**

15

89.      Paragraphs 1 through 88 are hereby incorporated by reference as though the same were fully set forth at length herein.

90.      Pursuant to Section 206(b) of the FLSA, employees must be compensated for every hour worked in a workweek.

91.      Moreover, under Section 207(a)(1) of the FLSA, employees must be paid overtime equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week.

92.      Defendants misclassified Plaintiffs and Class Plaintiffs as independent contractors, rather than employees, within the meaning of the FLSA/PMWA, thus failing to pay them overtime compensation for all hours worked over forty (40) in a workweek.

93.      The foregoing actions of Defendants and the policies and practices of Defendants violate the FLSA.

94.      Defendants' actions were willful, not in good faith, and in reckless disregard of clearly applicable FLSA provisions.

95.      Defendants are liable to Plaintiffs and Class Plaintiffs for actual damages, liquidated damages, and other equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs, and expenses.

**WHEREFORE**, Plaintiffs pray for the following relief on behalf of themselves and Class Plaintiffs:

A.      An Order from this Court permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B.      An Order from the Court ordering Defendants to file with this Court and furnish to the undersigned counsel a list of all names and addresses of all persons presently or formerly

employed by Defendants at any point during the past three (3) years in the position of Laborer, and authorizing Plaintiffs' counsel to issue a notice at the earliest possible time to these individuals, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if they worked for Defendants during the liability period, but were not paid overtime compensation at 1.5 times their regular rate of pay as required by the FLSA;

C.     Adjudicating and declaring that Defendants' conduct as set forth herein and above is in violation of the FLSA;

D.     Adjudicating and declaring that Defendants violated the FLSA by failing to pay overtime compensation to Plaintiffs and Class Plaintiffs for work performed in excess of forty (40) hours per week;

E.     Awarding Plaintiffs and Class Plaintiffs back pay wages and/or overtime wages in an amount consistent with the FLSA;

F.     Awarding Plaintiffs and Class Plaintiffs liquidated damages in accordance with the FLSA;

G.     Awarding Plaintiffs reasonable attorneys' fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA;

H.     Awarding pre- and post-judgment interest and court costs as further allowed by law;

I.     Granting Plaintiffs and the Class Plaintiffs leave to add additional Plaintiffs by motion, the filing of written opt-in consent forms, or any other method approved by the Court; and

J.      For all additional general and equitable relief to which Plaintiffs and Class

Plaintiffs may be entitled.

**COUNT II**
**PENNSYLVANIA MINIMUM WAGE ACT OF 1968**
**43 P.S. § 333, *et seq.***
**FAILURE TO PAY OVERTIME COMPENSATION**

96.     Paragraphs 1 through 95 are hereby incorporated by reference as though the same

were fully set forth at length herein.

97.     The Pennsylvania Minimum Wage Act provides that employers must pay certain

"minimum wages," including overtime wages, to its employees.  See 43 P.S. § 333.113.

98.     The Pennsylvania Minimum Wage Act further provides that "employees shall be

paid for overtime not less than on and one half times the employee's regular rate" for hours

worked in excess of forty (40) hours in a workweek.  See 43 P.S. § 333.113.

99.     By their actions alleged above, Defendants have violated the provisions of the

Pennsylvania Minimum Wage Act of 1968 by failing to properly pay overtime compensation to

Plaintiffs and Class Plaintiffs.

100.    As a result of Defendants' unlawful acts, Plaintiffs and Class Plaintiffs have been

deprived of overtime compensation in amounts to be determined at trial, and are/were entitled to

recovery of such amounts, together with interest, costs and attorneys' fees pursuant to the

Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.113.

**WHEREFORE**, Plaintiffs, on behalf of themselves and the Class Plaintiffs, pray for

judgment against Defendants as follows:

A.      An Order certifying this case as a class action and designating Plaintiffs as the

representatives of the Class and his counsel as class counsel;

B.      An award to Plaintiffs and Class Plaintiffs for the amount of unpaid overtime compensation to which they are/were entitled, including interest thereon, and penalties subject to proof;

C.      An award to Plaintiffs and Class Plaintiffs of reasonable attorneys' fees and costs pursuant to the Pennsylvania Minimum Wage Act; and

D.      An award to Plaintiffs and Class Plaintiffs for any other damages available to them under applicable Pennsylvania law, and all such other relief as this Court may deem proper.

**COUNT III**
**PENNSYLVANIA WAGE PAYMENT AND COLLECTION LAW**
**43 P.S. § 260.1, *et seq.***
**(<u>Individual Count of Unpaid Wages</u>)**

101.    Paragraphs 1 through 100 are hereby incorporated by reference as though the same were fully set forth at length herein.

102.    Plaintiffs and Defendants entered into an agreement whereby Plaintiffs would be compensated at a certain daily rate in exchange for their labor.

103.    In January 2020, Plaintiffs performed six (6) days of work, equal to approximately $2,000 each, for Defendants, without pay.

104.    The aforementioned hourly pay constitutes "wages" which are due and owing under the Pennsylvania Wage Payment and Collection Law ("WPCL").

105.    Defendants violated the WPCL by failing to pay Plaintiffs their earned wages.

106.    Defendants willfully violated the WPCL by refusing to pay Plaintiffs their wages even after repeated requests for payment, despite having no good faith basis for denying payment to Plaintiffs for the work they performed.

**WHEREFORE,** as a result of the unlawful conduct of Defendants, Plaintiffs respectfully request that this Court enter judgment in their favor and against Defendants, and grant them the maximum relief allowed by law, including, but not limited to:

A.    An award to Plaintiffs in an amount equal to their unpaid wages;

B.    Liquidated damages of twenty-five percent (25%) under the WPCL;

C.    An award to Plaintiffs of reasonable attorneys' fees and costs pursuant to the WPCL;

D.    Pre-judgment interest in an appropriate amount; and

E.    Such other and further relief as is just and equitable under the circumstances.

### COUNT IV
### BREACH OF CONTRACT
### <u>(Individual Count)</u>

107.    Paragraphs 1 through 106 are hereby incorporated by reference as though the same were fully set forth at length herein.

108.    Plaintiffs and Defendants entered into an agreement whereby Plaintiffs would be compensated at a certain daily rate in exchange for their labor.

109.    In January 2020, Plaintiffs performed six (6) days of work, equal to approximately $2,000 each, for Defendants, without pay.

110.    Defendants received and appreciated the benefit of the services provided by Plaintiffs.

111.    However, Defendants failed to pay Plaintiffs for the six (6) days of work they performed as aforesaid.

112.    Defendants failed to fulfill their obligations, duties, and/or promises with respect to paying Plaintiffs as aforesaid.

113.    As a direct and proximate result of Defendants' breach of its contractual obligations, Plaintiffs have suffered and continue to suffer damages.

**WHEREFORE**, as a result of Defendants' breach of its agreement to pay Plaintiffs, Plaintiffs respectfully request that this Court entered a judgment in their favor and against Defendants and grant Plaintiffs the maximum relief allowed by the law, including, but not limited to:

A.    Compensatory/actual damages in an amount to be determined, including, but not limited to, wages for Plaintiffs' unpaid hours worked during the week of January 20, 2020 as described above; and

B.    Such other and further relief as the Court may deem just, proper, and equitable.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury as to all issues so triable.

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

By:  _/s/ Michael Groh_____
        Michael Murphy, Esq.
        Michael Groh, Esq.
        Eight Penn Center, Suite 2000
        1628 John F. Kennedy Blvd.
        Philadelphia, PA 19103
        TEL: 267-273-1054
        FAX: 215-525-0210
        murphy@phillyemploymentlawyer.com
        mgroh@phillyemploymentlawyer.com
        *Attorneys for Plaintiff*

Dated: June 8, 2021

21

## **DEMAND TO PRESERVE EVIDENCE**

The Defendants are hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiffs' and Class Plaintiffs' employment, to their potential claims and their claims to damages, to any defenses to same, including, but not limited to, electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spread sheets, images, cache memory, payroll records, paystubs, time records, time sheets and any other information and/or data which may be relevant to any claim or defense in this litigation.