# EXHIBIT "A"

# SETTLEMENT AGREEMENT AND SPECIFIC RELEASE

This Settlement Agreement and Specific Release (this "Agreement") is made by and between Juan Francisco Zelaya Ponce ("Zelaya Ponce") and Juan Carlos Castillo ("Castillo") (together "Plaintiffs") on the one hand, and Philly Tile, Inc. and Kyle Perlman (together "Defendants"), on the other hand. Plaintiffs and Defendants shall collectively be referred to as the "Parties."

**WHEREAS**, on or around June 8, 2021, Plaintiffs commenced a collective/class action lawsuit against Defendants which is currently pending in the United States District Court for the Eastern District of Pennsylvania, Case No. 21-cv-02596-CMR (the "Lawsuit");

**WHEREAS**, the Lawsuit involves claims by Plaintiffs related to their employment with Defendants, including, *inter alia*, allegations that Defendants misclassified them as independent contractors under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.101 *et seq.*, resulting in the denial of overtime compensation. Plaintiff also alleged that Defendants failed to pay them wages in violation of the Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 P.S. § 260.1, *et seq.* and in breach of contract.

**WHEREAS**, Defendants deny the allegations in the Lawsuit and deny that they are liable for any claims alleged by Plaintiffs; and

**WHEREAS**, the Parties have reached a preliminary resolution of the wage and hour-related claims of Plaintiffs on an individual, as opposed to a collective or class-wide basis;

**WHEREAS**, the Parties mutually desire to fully and finally settle all differences; and

**NOW, THEREFORE**, in consideration of the mutual covenants and promises set forth herein, and for other good and valuable consideration, and to avoid the risk, inconvenience and expense of litigation, and without any admission of fault or liability on the part of the Parties;

**IT IS HEREBY AGREED** by and between the Parties as follows:

1. **Consideration.** In consideration for Plaintiffs' agreement to all the terms, conditions, and promises in this Agreement and Plaintiffs' agreement to dismiss the Lawsuit with prejudice (subject to the stipulations contained herein with respect to obtaining court approval of this Agreement), Defendants shall pay Plaintiffs the total gross amount of Seventeen Thousand Dollars ($17,000.00) ("Settlement Amount"), inclusive of all costs and attorneys' fees incurred, in full and final settlement of the Lawsuit and any and all wage-and-hour related claims related thereto. The Settlement Payment shall be broken down into three (3) separate payments, to be paid as follows:

    a. Defendants shall, as soon as reasonably practicable, but in no event later than thirty (30) days following Plaintiffs' execution of this Agreement, or fourteen (14) days following the entering of a Court Order approving this Agreement and dismissing the Action,

whichever occurs later, deliver, or cause to be delivered to Plaintiffs' attorneys, Murphy Law Group, LLC, three (3) checks in the total gross amount of Seventeen Thousand Dollars ($17,000), distributed in the manner described herein:

      i.      One check, made payable to Juan Francisco Zelaya Ponce, in the amount of Seven Thousand Sixty-Three Dollars and Thirty-Eight Cents ($7,063.38), which shall not be subject to tax withholdings or payroll deductions, for which Defendants will issue a 2021 IRS Form 1099 to Zelaya Ponce;

      ii.      One check, made payable to Juan Carlos Castillo, in the amount of Three Thousand Four Hundred Ninety Dollars and Sixty-Two Cents ($3,490.62), which shall not be subject to tax withholdings or payroll deductions, for which Defendants will issue a 2021 IRS Form 1099 to Castillo; and

      iii.      One check, made payable to Murphy Law Group, LLC, in the amount of Six Thousand Four Hundred Forty-Six Dollars ($6,446.00), representing attorneys' fees and costs, which shall not be subject to tax withholding or payroll deductions, for which Defendants will issue a 2021 IRS Form 1099 to Murphy Law Group, LLC.

      b.      The Parties agree that the payments to Zelaya Ponce and Castillo identified in paragraph 1(a)(i)-(ii) above are being paid on a 1099-basis because Plaintiffs were classified by Defendants as independent contractors during the time period applicable to the claims in the Lawsuit and Defendants continue to forcefully maintain the appropriateness of that classification. Zelaya Ponce and Castillo agree and acknowledge it is their responsibility to pay all applicable federal, state, and local taxes owing on the Settlement Amount described above.

      **2.**      **Order of Court Approval.**    Upon execution of this Agreement, the Parties will present this Agreement to the Court for its approval. The Parties agree to cooperate with one another in the preparation of any motions paperwork which may be necessary to obtain Court approval of this Agreement, although it is understood and agreed that Plaintiffs shall bear the primary responsibility for drafting the Motion for Approval and accompanying documents. In the event the Court fails to approve the Agreement and enter an order of dismissal of the Lawsuit in accordance with this Agreement, the parties shall meet and confer to discuss the Parties' next course of action.

      **3.**      **Specific Wage and Hour Release by Plaintiffs.**    In consideration for payment of the Settlement Amount and Defendants' obligations contained herein, Zelaya Ponce and Castillo agree that they shall irrevocably and unconditionally release, acquit, and forever discharge Defendants and their parents, subsidiaries, members, managers, officers and directors of and from any and all federal, state, or local wage and hour-related claims, rights, demands, liabilities, debts, suits, causes or actions, accounts, bonds, contracts, agreements, judgments, whatsoever in law or equity, including, without limitation, failure to pay minimum wages and/or overtime compensation, interest, liquidated damages, penalties, attorneys' fees, and any other form of compensation or relief permitted under federal, state, or local wage and hour laws, including, but not limited to the Fair Labor Standards Act, the Pennsylvania Minimum Wage

Doc ID: e9082c201ad13ca9212d14e32e7f7c7ff9e3e2fc

Act, and the Pennsylvania Wage Payment and Collection Law, which were brought or could have been brought in this action.

The Parties understand and agree that the aforementioned release is limited in scope to wage and hour-related claims and is not intended to, nor does it, extend to any other potential employment-related claims. Moreover, nothing in this Agreement is intended to waive claims (i) for unemployment or workers' compensation benefits, (ii) for vested rights under ERISA-covered employee benefit plans as may be applicable on the date Plaintiffs sign this Agreement, (iii) that may arise after Plaintiffs sign this Agreement, or (iv) which cannot be released by private agreement.

4. **Non-Admission.**  This Agreement does not constitute an admission of any liability or wrongdoing by Defendants. Plaintiffs and Defendants further agree that this Agreement shall not be admissible in any proceeding (except with the written consent of the Parties or unless order by a court of competent jurisdiction), except one instituted by either Party alleging a breach of this Agreement.

5. **Representation by Counsel.**  Plaintiffs and Defendants both acknowledge and represent that they have had the opportunity to thoroughly discuss all aspects of this Agreement with their respective attorneys, that they have carefully read and fully understand all the provisions of the Agreement, and that they are voluntarily entering into this Agreement.

6. **Limited Confidentiality.**  The Parties agree that they will not issue any press release, answer any press inquiries, or make any website or public social media postings (including, but not limited to, blog posts, Facebook postings, and the like) regarding the terms of this Agreement or any portion thereof, provided that any inquiry regarding the Lawsuit shall be answered by confirming the matter was settled by a written agreement approved by the Court. Nothing in the foregoing prohibits the Parties from submitting court filings necessary to seek Court approval of this Agreement.

7. **Mutual Non-Disparagement.**  The Parties agree they will not in any manner whatsoever, directly or indirectly, disparage each other. Defendants specifically agree not to publish or cause to be published any disparaging online communications, including but not limited to business reviews or social media posts, concerning Plaintiffs' counsel, Murphy Law Group, LLC or any members or employees of the Murphy Law Group, LLC, and further agree to remove any such disparaging communications, reviews, or posts already published as of the date of this Agreement.

8. **Neutral Reference.**  Defendants agree that they will respond to all inquiries made by potential employers concerning Plaintiffs by providing only a neutral reference consisting of dates of employment and position held, and by stating that it is company policy not to provide any additional information regarding prior employees or contractors. Defendants, however, shall not be required to represent that Zelaya Ponce or Castillo were "employees" of Defendants, as Zelaya Ponce and Castillo have argued in the Lawsuit and which Defendants continue to dispute, rather than "independent contractors," and may therefore simply respond to inquiries from potential employers by indicating that Zelaya Ponce and/or Castillo performed tile

Doc ID: e9082c201ad13ca9212d14e32e7f7c7ff9e3e2fc

installation services for Defendants during the time period(s) in question.

      **9.**    <u>**Choice of Law and Forum.**</u>  This Agreement shall be governed by and construed in accordance with the laws of the Commonwealth of Pennsylvania, without regard to principles of conflicts of law.  The parties consent and stipulate to the personal jurisdiction of the state and federal courts of Pennsylvania in any subsequent proceeding to enforce this Agreement.

      **10.**    <u>**Enforcement.**</u> The Parties understand and agree that the Court shall have continuing jurisdiction over the terms and conditions of this Agreement, until all payments and obligations contemplated by the Settlement Agreement have been fully carried out.

      **11.**    <u>**Invalidity.**</u>  Should any provisions of this Agreement be declared to be illegal, invalid, or unenforceable, or should be denied approval by the Court in the course of the Parties' anticipated filing for approval of the Agreement, the legality, validity and enforceability of the remaining parts, terms, or provisions shall not be affected thereby and said illegal, unenforceable, or invalid part, term, or provision shall be deemed not to be part of this Agreement, except that if the Specific Wage and Hour Release set forth in Paragraph 3 of this Agreement is deemed invalid, Plaintiffs will be required to return any and all monies paid under this Agreement.

      **12.**    <u>**Counterparts.**</u>  This Agreement may be executed in counterparts, each of which shall constitute an original and which together shall constitute a single instrument; in addition, any facsimile or PDF copy of any party's executed counterpart of this Agreement (or its signature page thereof) shall be deemed to be an executed original thereof.

      **13.**    <u>**Integration.**</u>  This Agreement sets forth the entire agreement between Plaintiffs and Defendants, and fully supersedes any prior or contemporaneous agreements or understandings between the Parties.

      **14.**    <u>**Successors and Assignment.**</u>  This Agreement shall be binding upon and inure to the benefits of the Parties hereto and their respective heirs, administrators, executors, and assigns.  Neither this Agreement nor any right or interest hereunder shall be assignable by Plaintiffs or Defendants without prior written consent of an authorized agent of the other party.

      **15.**    <u>**Amendment.**</u>  The parties acknowledge that this Agreement cannot be altered, modified or otherwise changed except by a writing signed by all parties to the Agreement.  This Agreement is five (5) pages in length, including the signature page.

      **16.**    <u>**Headings.**</u>  The headings of sections and paragraphs herein are included solely for convenience of reference and shall not control the meaning or interpretation of any of the provisions of this Agreement.

      **17.**    <u>**Neutral Construction.**</u>  The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning and not strictly for or against any of the Parties.

Doc ID: e9082c201ad13ca9212d14e32e7f7c7ff9e3e2fc

5

**IN WITNESS WHEREOF**, I have hereunto set my hand and seal on the dates set forth below.

JUAN FRANCISCO ZELAYA PONCE

_____          12 / 22 / 2021
Juan Francisco Zelaya Ponce                              _____
                                                         Date

JUAN CARLOS CASTILLO

_____          12 / 21 / 2021
Juan Carlos Castillo                                     _____
                                                         Date

PHILLY TILE, INC.

By: _____          _____
   Name:                                                 Date
   Title:

KYLE PERLMAN

By: _____          _____
   Name:                                                 Date
   Title:

Doc ID: e9082c201ad13ca9212d14e32e7f7c7ff9e3e2fc

**IN WITNESS WHEREOF**, I have hereunto set my hand and seal on the dates set forth below.

JUAN FRANCISCO ZELAYA PONCE

_____         _____
Juan Francisco Zelaya Ponce                                    Date


JUAN CARLOS CASTILLO

_____         _____
Juan Carlos Castillo                                                   Date


PHILLY TILE, INC.

By: _____         _____
    Name:                                                                  Date
    Title:


KYLE PERLMAN

By: _____         _____12/21/21_____
    Name:                                                                  Date
    Title:

5

# EXHIBIT "B"

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

JUAN FRANCISCO ZELAYA PONCE, *et al.*　:
　:　Civil Action No.: 21-02596-CMR
　:
　　　　　　　　　　Plaintiffs,　:
　:
　　v.　:
　:
PHILLY TILE, INC., *et al.*　:
　:
　　　　　　　　　　Defendants.　:

---

## DECLARATION OF MICHAEL GROH, ESQ.

I, Michael Groh, hereby state, under penalty of perjury and pursuant to 28 U.S.C. § 1746, that the following facts are true and correct:

1. I am an Associate Attorney with the Murphy Law Group, LLC ("MLG"), Eight Penn Center, Suite 2000, 1628 John F. Kennedy Blvd., Philadelphia, PA 19103, and represent Plaintiff Patricia Stone in the above-captioned action.

2. I submit this declaration in order to apprise the Court of: (i) my qualifications and the hourly rate sought in this FLSA lawsuit; and (ii) the total hours expended by MLG in connection with this litigation. All information is current up to and until December 22, 2021.

## ATTORNEY QUALIFICATIONS AND FEE RATES

3. I graduated from the George Washington University Law School in 2013, where I served on the GW Moot Court Board and Public Contract Law Journal (as a published member), and have practiced law within the Greater Philadelphia Area for approximately eight (8) years.

4. I am admitted and in good standing with the bars of the Supreme Courts of Pennsylvania and New Jersey, the New York Court of Appeals (inactive), and the United States

District Courts for the Eastern District of Pennsylvania, the Middle District of Pennsylvania, the Western District of Pennsylvania, and the District of New Jersey.

5.  I practice exclusively in the area of employment law and regularly litigate federal court matters, including class and collective actions pursuant to the Fair Labor Standards Act ("FLSA") and similar state wage/overtime laws, such as the Pennsylvania Minimum Wage Act ("PMWA"). I am experienced with the practice of employment law in Philadelphia (as to agencies and in state and federal fora), and the majority of my cases are litigated in the Eastern District of Pennsylvania.

6.  Since joining MLG in March 2014, I have participated in the litigation and resolution of approximately one hundred individual and/or collective/class action lawsuits arising under federal and state wage and hour laws.

7.  In individual and collective/class action lawsuits litigated in Pennsylvania under the Fair Labor Standards Act, such as the case at bar, MLG uses the following rates: $295.00/hour for Mr. Groh.

## Hours Spent by MLG and the Resulting Fee Lodestar

8.  MLG attorneys use the firm's case management system to record each case-related activity and accurately document the amount of time spent performing said activity.

9.  As of December 22, 2021, the attorney time spent on this litigation by MLG totaled **26.42 hours**, resulting in a total fee lodestar of approximately **$7,793.90.**

10. MLG has also incurred costs and expenses totaling $496.00, representing: (a) corporate record search fees of $6; (b) federal court filing fee of $402; and (c) service of process fees of $88.

**I HEREBY DECLARE, SUBJECT TO PENALTY OF PERJURY, THAT THE ABOVE IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION, AND BELIEF.**

Date:   December 22, 2021             /s/ Michael Groh
                                                            Michael Groh, Esq.
                                                            Eight Penn Center, Suite 2000
                                                            1628 John F. Kennedy Blvd.
                                                            Philadelphia, PA 19103
                                                            TEL: 267-273-1054
                                                            FAX: 215-525-0210
                                                            mgroh@phillyemploymentlawyer.com
                                                            *Attorney for Plaintiff*

# EXHIBIT "C"

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

| | |
|---|---|
| JUAN FRANCISCO ZELAYA PONCE, *et al.* | : |
| | : Civil Action No.: 21-02596-CMR |
| Plaintiffs, | : |
| v. | : |
| PHILLY TILE, INC., *et al.* | : |
| Defendants. | : |

---

## ORDER

**AND NOW**, this ____ day of _____ 2021, after considering Plaintiffs' Unopposed Motion to Approve Settlement Agreement (ECF No. ____), and finding that the settlement reached between the parties represents a fair, reasonable, and adequate resolution of the claims of Plaintiffs Juan Francisco Zelaya Ponce and Juan Carlos Castillo against Defendants, it is hereby **ORDERED** that:

1. Plaintiffs' Unopposed Motion to Approve Settlement Agreement (ECF No. ____) is **GRANTED**;

2. The Settlement is **APPROVED**;

3. Plaintiffs' Complaint is **DISMISSED WITH PREJUDICE**; and

4. The Clerk of Court is directed to **MARK THIS CASE CLOSED** for statistical purposes**.**

**AND IT IS SO ORDERED.**

_____
The Honorable Cynthia M. Rufe