IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUAN FRANCISCO ZELAYA PONCE and JUAN CARLOS CASTILLO<br><br>               **Plaintiffs,**<br><br>    v.<br><br>PHILLY TILE, INC. and KYLE PERLMAN<br><br>               **Defendants.** | CIVIL ACTION NO. 21-2596 |

# ORDER

Plaintiffs have filed an unopposed motion to approve the settlement reached between the parties in this action brought under the Fair Labor Standards Act[1] and the Pennsylvania Minimum Wage Act and Wage Payment & Collection Law.[2] Courts have held that judicial approval of settlements of FLSA cases is required.[3] The Court therefore must determine whether the proposed settlement is "a fair and reasonable resolution of a bona fide dispute," which in this context means that it is a "reasonable compromise over issues, such as back wages, that are actually in dispute and are not a mere waiver of statutory rights brought about by an employer's overreaching."[4] The Court also must determine that the settlement will not frustrate "the FLSA's underlying purpose: 'to extend the frontiers of social progress by insuring to all our able-bodied working men and women a fair day's pay for a fair day's work.'"[5]

---

[1] 29 U.S.C. § 201, *et seq.*

[2] 43 P.S. § 333.101, *et seq.* and 43 PS. § 260.1, *et seq.*

[3] *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015); *Lynn's Food Stores, Inc. v. United States Dep't of Labor*, 679 F.2d 1350 (11th Cir. 1982). The Court of Appeals for the Third Circuit has not ruled on this question.

[4] *Lynn's Food Stores*, 679 F.2d at 1355.

[5] *Cheeks*, 796 F.3d at 206 (quoting *A.H. Phillips, Inc. v. Walling*, 324 U.S. 490, 493 (1945)).

The Court notes that although this case was filed as a potential collective or class action, no motions have been filed to certify a class or collective, and the proposed settlement applies only to the two named Plaintiffs. The Court will dismiss without prejudice any claims that could be asserted by anyone other than the named Plaintiffs, Juan Francisco Zelaya Ponce and Juan Carlos Castillo.

Upon careful review of the settlement agreement as to the named Plaintiffs, the Court is satisfied that the settlement is fair and reasonable and comports with the purposes of the FLSA. The settlement results in a payment to the individual Plaintiffs of nearly all of the estimated lost overtime wages. This is a reasonable outcome given the uncertainty of establishing an entitlement to liquidated damages and the *bona fide* dispute among the parties as to whether or not Plaintiffs were improperly classified as independent contractors.

The settlement was reached after the parties engaged in arms-length settlement negotiations. The Settlement Agreement has been filed on the public docket, it has a limited confidentiality provision, and it does not provide for a release of any claims other than the wage claims. Finally, although the attorney's fee as a percentage is perhaps on the high side, the amount is reasonable in light of all the circumstances of the litigation.

**AND NOW**, this 24th day of January 2022, upon consideration of Plaintiffs' Unopposed Motion to Approve Settlement Agreement [Doc. No. 13], and for the reasons stated above, it is hereby **ORDERED** that:

1. The Motion is **GRANTED**.
2. The Settlement, as set forth in agreement attached as Exhibit A to the Motion, is **APPROVED**.

3. The claims of Plaintiffs Juan Francisco Zelaya Ponce and Juan Carlos Castillo are **DISMISSED with prejudice**.

4. In this case, no class or collective has been certified, no ruling has been made as to the merits of any claims by anyone other than the named Plaintiffs, and any potential claims of any other individuals are **DISMISSED without prejudice**.

5. The Clerk is directed to **CLOSE** the case.

It is so **ORDERED**.

                                            **BY THE COURT:**

                                            /s/ Cynthia M. Rufe

                                            _____
                                            **CYNTHIA M. RUFE, J.**