IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUAN FRANCISCO ZELAYA PONCE and JUAN CARLOS CASTILLO<br><br>**Plaintiffs,**<br><br>v.<br><br>**PHILLY TILE, INC.** and **KYLE PERLMAN**<br><br>**Defendants.** | CIVIL ACTION NO. 21-2596 |

## ORDER

By Order dated January 24, 2022, the Court granted Plaintiffs' unopposed motion to approve the parties' settlement of this FLSA action. The settlement agreement provided that Defendants would pay $17,000 within 30 days of Plaintiffs' signing the agreement or 14 days after the Court's Order approving the settlement, whichever was later. Plaintiffs have moved to enforce the settlement because Defendants have not made the required payment.

A district court retains jurisdiction to enforce the settlement agreement if "the obligation of the parties to comply with the settlement agreement is made part of the dismissal order or there is an independent basis for exercising jurisdiction."[1] In granting the motion to approve the settlement, the Court ordered that "[t]he Settlement, as set forth in [the] agreement attached as Exhibit A to the Motion, is approved."[2] The agreement provides that the parties "understand and agree that the Court shall have continuing jurisdiction over the terms and conditions of this Agreement, until all payments and obligations contemplated by the Settlement Agreement have been fully carried out."[3] Therefore, the question is whether the terms of the settlement agreement

---

[1] *In re Phar-Mor, Inc. Sec. Litig.*, 172 F.3d 270, 274 (3d Cir. 1999) (citation omitted).

[2] Order Jan. 24, 2022 [Doc. No. 14] at 2 (emphasis omitted).

[3] Plfs.' Mot. Enforce Settlement Ex. A [Doc. No. 17-2] ¶ 10.

are part of the dismissal order; if so, "a breach of the agreement would be a violation of the order, and ancillary jurisdiction to enforce the agreement would therefore exist."[4]

A district court may incorporate the terms of a settlement agreement by using explicit, unambiguous language such as "the terms of the settlement agreement are incorporated herein."[5] Without such language, "[t]he judge's mere awareness and approval of the terms of the settlement agreement do not suffice to make them part of [the] order."[6] Generally, a district court is not even required to read the terms of the settlement agreement,[7] although in a case brought under the FLSA, the court must ensure that the settlement is a fair and reasonable compromise before dismissing claims with prejudice.[8]

Plaintiff argues that in approving the terms of the settlement as fair and reasonable, the dismissal order necessarily incorporated the terms of the settlement agreement including the continuing jurisdiction clause.[9] However, the FLSA does not require that the federal courts retain jurisdiction over settlement agreements and the Court's approval did not mention, or incorporate, this term. Without that explicit incorporation, the Court lacks subject-matter jurisdiction to

---

[4] *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 381 (1994). A court can also include a separate provision expressly retaining jurisdiction over the settlement agreement. *Id.* However, Plaintiff concedes that only the incorporation method is applicable in this case. *See* Pl.'s Mem. Law Supp. Mot. Enforce Settlement Agreement [Doc. No. 17-1] at 7.

[5] *See Raab v. City of Ocean City, N.J.*, 833 F.3d 286, 294 (3d Cir. 2016) (finding this phrase in dismissal order retained jurisdiction to enforce settlement agreement).

[6] *Kokkonen*, 511 U.S. at 381; *see in re Phar-Mor, Inc. Sec. Litig.*, 172 F.3d 270, 274-75 (3d Cir. 1999) ("The phrase pursuant to the terms of the Settlement' fails to incorporate the terms of the Settlement Agreement into the order … [T]he mere approval of a settlement agreement does not confer subject matter jurisdiction to enforce that agreement.").

[7] *Raab*, 833 F.3d at 294 (encouraging courts to review settlement agreement terms as matter of good practice).

[8] *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206-07 (2d. Cir. 2015); *Kraus v. PA Fit II, LLC*, 155 F. Supp. 3d 516, 526 (2016) ("[J]udicial scrutiny of a private FLSA settlement agreement to ensure it is fair and reasonable to the employee is essential to accomplishing the FLSA's purpose.").

[9] Pl.'s Mem. Law Supp. Mot. Enforce Settlement Agreement [Doc. No. 17-1] at 7.

enforce the settlement agreement.[10] However, because the Motion to Enforce was filed within 90 days of the Court's Order approving the settlement and dismissing the case, the Court may vacate the order of dismissal under Local Rule of Civil Procedure 41.1(b), and without objection, shall do so. The Court will also determine whether to approve the settlement and enter an order that retains jurisdiction to enforce the settlement agreement as the parties expressly contemplated.

The settlement is "a fair and reasonable resolution of a bona fide dispute," which in this context means that it is a "reasonable compromise over issues, such as back wages, that are actually in dispute and are not a mere waiver of statutory rights brought about by an employer's overreaching."[11] The settlement will not frustrate "the FLSA's underlying purpose: 'to extend the frontiers of social progress by insuring to all our able-bodied working men and women a fair day's pay for a fair day's work.'"[12] The settlement results in a payment to the individual Plaintiffs of nearly all of the estimated lost overtime wages. This is a reasonable outcome given the uncertainty of establishing an entitlement to liquidated damages and the bona fide dispute among the parties as to whether or not Plaintiffs were improperly classified as independent contractors. The settlement was reached after the parties engaged in arms-length settlement negotiations. The Settlement Agreement has been filed on the public docket and it does not provide for a release of any claims other than the wage claims. Finally, although the attorney's

---

[10] *See Kokkonen*, 511 U.S. at 381. Plaintiff also asserts that the parties' agreement to this Court's continuing jurisdiction over the settlement agreement provides an independent basis for jurisdiction. However, the consent of the parties cannot confer federal jurisdiction; only Congress can, within the bounds of the Constitution. *See Badgerow v. Walters*, 142 S. Ct. 1310, 1318 (2022). Defendant's breach of the settlement agreement is not prohibited by a federal statute, and the dispute is not valued over $75,000. There is no jurisdiction under either 28 U.S.C. § 1331 or § 1332.

[11] *Lynn's Food Stores, Inc. v. United States Dep't of Labor*, 679 F.2d 1350 (11th Cir. 1982).

[12] *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015) (quoting *A.H. Phillips, Inc. v. Walling*, 324 U.S. 490, 493 (1945)).

fee as a percentage is perhaps on the high side, the amount is reasonable in light of all the circumstances of the litigation.

**AND NOW**, this 7th day of December 2022, after a hearing held this date, and without objection, it is hereby **ORDERED** that:

1. The Order of January 24, 2022 [Doc. No. 14] is **VACATED** pursuant to Local Rule 41.1(b).

2. The Unopposed Motion to Approve the Settlement Agreement [Doc. No. 13] is **GRANTED**.

3. The Settlement, as set forth in agreement attached as Exhibit A to the Motion, is **APPROVED**.

4. The Court incorporates into this Order the terms of the Settlement Agreement and specifically retains jurisdiction to enforce the terms of the Settlement Agreement.

5. The claims of Plaintiffs Juan Francisco Zelaya Ponce and Juan Carlos Castillo are **DISMISSED with prejudice**.

6. To the extent that the case was filed as a proposed class or collective action, no class or collective has been certified, and any claims of any other potential plaintiffs are **DISMISSED without prejudice**.

7. The case shall remain **CLOSED** for statistical purposes.

It is so **ORDERED.**

                                                           **BY THE COURT:**

                                                           /s/ Cynthia M. Rufe
                                                           _____
                                                           **CYNTHIA M. RUFE, J.**